UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BREMENDA BELLUE                                    CIVIL ACTION

VERSUS

LOUISIANA WORKFORCE                         NO.: 15-00509-BAJ-SCR
COMMISSION, OFFICE OF
WORKERS COMPENSATION

## RULING AND ORDER

The Court is again confronted with a **Motion to Dismiss for Insufficient Service of Process (Doc. 17)** filed by Defendant Louisiana Workforce Commission, Office of Workers Compensation ("Defendant"), seeking to dismiss Plaintiff Bremenda Bellue's ("Plaintiff") Complaint (Doc. 1) for insufficient service of process under Federal Rule of Civil Procedure ("Rule") 12(b)(5). Plaintiff has opposed the motion and Defendant has filed a reply. (Docs. 22 and 25). Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Oral argument is not necessary. For reasons explained herein, Defendant's motion is **DENIED**.

I.  DISCUSSION

Defendant again seeks dismissal of Plaintiff's complaint on the grounds of insufficient service of process. (*See* Docs. 17, 18, 19).[1] Pursuant to Rule 4(m), a defendant must be served within 120 days after the complaint is filed. Here,

---

[1] Defendant has supplemented its motion not once, but twice.

Plaintiff's complaint was filed on July 31, 2015. Accordingly, she had until Saturday, November 28, 2015 to effectuate proper service.

Plaintiff has named as the sole defendant in this case the "Louisiana Workforce Commission, Office of Workers Compensation." (Doc. 1. at p. 1). As set forth in the Court's November 16, 2015 Ruling and Order, (Doc. 16), pursuant to Rule 4(j)(2), a plaintiff that sues "[a] state, municipal corporation, or any other state-created governmental organization" must effectuate service of process on the defendant through one of two methods: by (1) "delivering a copy of the summons and of the complaint to its chief executive officer" *or* (2) "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Clearly, Rule 4(j)(2) is disjunctive and allows service under either method.

Accordingly, the Court is left flummoxed by the briefing of both parties that asserts that someone other than the chief executive officer of the Louisiana Workforce Commission, Office of Workers Compensation was required to receive service of this lawsuit. Fed.R.Civ.P. 4(j)(2)(A). The Court's confusion does not stop here. The parties do not dispute that Curt Esyink is the Executive Director of the Louisiana Workforce Commission, Office of Workers Compensation. On November 4, 2015—after Defendant filed its first motion to dismiss under Rule 12(b)(5) but before the expiration of 120 days—a summons was returned that was addressed to Curt Esyink, Executive Director, Office of Workers Compensation, Louisiana Workforce Commission, 1001 North 23rd Street, Baton Rouge, LA 70804. (Doc. 11 at p. 1).

Service was accepted by Peter Wright, whom Defendant now admits is general counsel of the Louisiana Workforce Commission. (Doc. 17-1 at p. 4).[2] Defendant further admits that Peter Wright "was under the impression that the summons was for Curt Esyink . . . since the summons expressly stated that it was for Curt Eysink." Then, on November 13, 2015—also after Defendant filed its first motion to dismiss under Rule 12(b)(5) but before the expiration of 120 days—another summons was returned that contained the same address set forth above, and which was personally served upon Mr. Eysink. (Doc. 14).[3] Defendant does not dispute the validity of the proof of service contained in either of these summonses in this Rule 12(b)(5) motion.

By serving the Executive Director of the Louisiana Workforce Commission personally and, separately, through its general counsel, Peter Wright, Plaintiff properly effectuated service on Defendant pursuant to the first method of service allowed under Rule4(j)(2). *See, e.g., Lewis v. La. Dep't of Transp. & Dev.*, No. 10-cv-4600, 2011 WL 3502327, at *1 (E.D. La. Aug. 10, 2011) (service of the secretary of the Louisiana Department of Transportation and Development resulted in proper service of the Department under Rule 4(j)(2)); *see also Neil v. Randolph*, No. 09-cv-6242, 2010 WL 1727809, at *3 (E.D. La. Mar. 17, 2010) (service to a subordinate of an executive director of a state or local government entity satisfies Rule 4(j)(2)). Put differently,

---

[2] The proof of service stated that the summons was for "James D. Caldwell, Attorney General of LA" and indicated that it was served upon "Peter Wright 'supervisor of legal'" who was designated by law to accept service on behalf of the "Attorney General of LA."

[3] The proof of service stated that the summons was for "Curt Eysink 'Office of Workers Compensation'" and indicated that it was personally served upon him.

3

because service was effectuated on Defendant's chief executive officer, state law simply does not come into play.

Defendant may insist that there is some uncertainty in the law relative to the interplay between state and federal rules for effectuating service. No matter. "The Fifth Circuit has interpreted [Rule 4m] 'to require a court to extend time if good cause is shown and to allow a court discretion to dismiss or extend time absent a showing of good cause.'" *Moy v. Time Warner Cable Co.*, No. 04-cv-2253, 2005 WL 1936338, at *2 (W.D. La. Aug. 5, 2005) (citing *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (5th Cir. 1995)); *see also Wright v. Potter,* 350 F. App'x. 898, 899 (5th Cir. 2009) (plaintiff should be allowed additional time even without a showing of good cause "where the claims would be otherwise time-barred and there is no clear record of delay or evidence of contumacious conduct").

Under the circumstances presented, the Court finds that Plaintiff was reasonably diligent in effectuating service, that Defendant timely received actual notice of this lawsuit, and that Defendant has not suffered prejudice from any dilatory service. Thus, to the extent service on Defendant was in any way dilatory, the Court will exercise its discretion to extend the time for service to accommodate the actual service which has now been effectuated upon Defendant. *See, e.g., Fields v. Norfolk & S. Ry. Co.,* 924 F. Supp. 2d 702, 710 (S.D.W. Va. 2012).

II. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Dismiss for Insufficient Service of Process by Louisiana Workforce Commission (Doc. 17)** is hereby DENIED.

Baton Rouge, Louisiana, this 15th day of December, 2015.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**